UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:09-00091 |
| | ) | JUDGE CAMPBELL |
| KYLE SEVERS | ) | |

### ORDER

Pending before the Court is the Government's Motion for Permission to Read the "Vicky Series" Victim's Impact Statements In Open Court (Docket No. 70). Defendant has filed a Response (Docket No.73) in opposition.

The Government's Motion is GRANTED. The individual who is the subject of the "Vicky Series" of child pornography is a "crime victim" for purposes of the Crime Victims' Rights statute, 18 U.S.C. § 3771, in this case. Id. at § 3771(e). A "crime victim" has a "right to be reasonably heard." Id. at § 3771(a)(4) and (b)(1). A reading of the "victim impact statements" of the victim by the Government is a reasonable way for the victim to be heard at this sentencing for distribution of child pornography. Accordingly, the Government may read the two victim impact statements attached to the Presentence Report that are the subject of its Motion.

The Defendant has objected on the grounds that the victim impact statements are hearsay and that the Government appears to be seeking restitution. As for the hearsay objection, the Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3). The victim impact statements are sufficiently reliable to be considered at sentencing under the Crime Victims' Rights statute. See U.S.S.G. § 6A1.3(a) and U.S. v. Moncivais, 492 F.3d 652, 658 (6th Cir. 2007). The Court also notes

that victim's statements are not given under oath and are not subject to cross-examination. U.S. v. Grigg, 434 Fed. Appx. 530, 533 (6th Cir. 2011).

As for restitution, the Court notes that the Presentence Report states restitution is "not an issue" (p. 22) and that the Government has filed a document stating that it has no objections to the Presentence Report (Docket No. 72). If the Government intends to seek restitution, it shall amend its Position of the Government promptly and the Court will continue the sentencing hearing scheduled for tomorrow so that the Defendant and the Court can be prepared to address the issue. See Fed. R. Crim. P. 32(f) and (g) and the Order (Docket No. 64) entered on October 17, 2011 regarding pertinent deadlines for objections.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE